UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **OCEANVIEW MARINE TOWNHOMES C/O JOHN WOODS,**<br><br>Plaintiff,<br><br>v.<br><br>**LEXINGTON INSURANCE COMPANY,**<br><br>Defendant. | Civil Action No. 14-1368 (PGS)(LHG)<br><br>**REPORT & RECOMMENDATION** |

This matter has been opened by the Court *sua sponte* as a result of Plaintiff's failure to comply with this Court's orders. For the reasons that follow, it is respectfully recommended that the case be DISMISSED WITH PREJUDICE.

I.  BACKGROUND AND PROCEDURAL HISTORY

On October 23, 2013, Plaintiff filed this matter against Lexington Insurance Company ("Lexington") alleging breach of a flood insurance contract in the aftermath of Hurricane Sandy. Complaint [Docket Entry No. 1]. Lexington removed this matter to federal court on March 4, 2014 [Docket Entry No. 1]. Lexington filed an Answer on March 11, 2014. [Docket Entry No. 3]. The Court entered an initial Order on May 13, 2014 (the "May 13 Order"), requiring that the parties exchange Rule 26(a)(1) disclosures within 21 days of entry of the May 13 Order, that they serve interrogatories and document requests within 45 days of entry of the May 13 Order, setting a fact discovery deadline of September 10, 2014, and scheduling a telephonic status conference for August 12, 2014. [Docket Entry No. 6].

The Court conducted the telephonic conference on August 12, 2014 (the "August 12 Conference"), during which the Court was informed that Plaintiff had not yet served initial disclosures or provided any response to the discovery requests that had been served by

Lexington.  The Court ordered Plaintiff to respond to Lexington's discovery requests and provide initial disclosures by no later than August 29, 2014.  The parties were further instructed to submit a joint report by no later than September 19, 2014, setting forth a proposed schedule for the completion of any additional discovery and whether this case would be appropriate for alternative dispute resolution.  These rulings were reflected in the August 26, 2014 Pretrial Scheduling Order (the "August 26 Order").  [Docket Entry No. 7].

On September 19, 2014, counsel for Defendant submitted a letter to the Court (the "September 19 Letter"), advising that Plaintiff had not complied with the rulings issued during the August 12 Conference, as set forth in the August 26 Order, in that it had neither provided initial disclosures, responded to Lexington's discovery requests, nor conferred with counsel for Defendant to prepare the requisite Joint Status Report.  [Docket Entry No. 8].  On September 22, 2014, the undersigned issued a Text Order directing Plaintiff to respond to the September 19 Letter by no later than September 25, 2014 (the "September 22 Order").  [Docket Entry No. 9]. Plaintiff did not respond to the September 19 Letter.  On October 14, 2014, Lexington informed the Court that all discovery remained outstanding (the "October 14 Letter").  Plaintiff did not respond to the October 14 Letter.

On November 14, 2014, the Court issued an Order to Show Cause, requiring Plaintiff to show cause why this suit should not be dismissed as a result of its failure to comply with Plaintiff's discovery obligations under the Federal Rules of Civil Procedure, the August 26 Order, and the September 22 Order (the "Order to Show Cause").  [Docket Entry No. 11]. Although Plaintiff was required to respond by no later than November 20, 2014, this Court has not received any response to the Order to Show Cause.

II.	ANALYSIS

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to provide discovery, obey court orders, or otherwise prosecute a case.  *See* FED. R. CIV. P. 37(b)(2), 41(b).  Where such failures have occurred, dismissal may be an appropriate penalty. *Id*.  In determining whether to impose an order of dismissal as a sanction for discovery violations, courts consider the factors set forth in *Poulis v. State Farm Casualty Co.*, 747 F.2d , 863, 868 (3d Cir. 1984).  These factors include:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.*  No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).  If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b).  *See Iseley v. Bitner,* 216 Fed App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

Pursuant to the mandates of the May 13 Order, Plaintiff was required to provide Defendant with its initial disclosures by no later than June 3, 2014, and to complete fact discovery by no later than September 10, 2014.  *See* May 13 Order (establishing a 21-day timeframe for the exchange of initial disclosures and a 120-day timeframe for the completion of discovery).  During the August 12 Conference, the undersigned extended these dates, requiring Plaintiff to provide Lexington with its initial disclosures and to respond to the outstanding discovery requests by no later than August 29, 2014.  The parties were further instructed to

submit a joint status report to the Court by no later than September 19, 2014.  *See* the August 26 Order.  These dates were set on August 12 with the participation and agreement of Plaintiff's counsel.  Plaintiff did not comply with the Orders, nor did it seek to additional time to comply.  Plaintiff has not made any attempt to dispute that these Orders were violated.  The record, however, is unclear whether the fault lies with Plaintiff, its counsel, or some combination of the two.  As such, the Court finds this factor to be neutral.

Since initiating this action, Plaintiff has done little to move this case forward.  This is evident in its failure to engage in the discovery process in any meaningful manner and its violation of Court Orders.  This misconduct has prejudiced Lexington by inhibiting its ability to defend against this action, which satisfies the second *Poulis* factor and therefore weighs in favor of dismissal of this matter.  *See, e.g., Payamps v. Huan Le*, Civ. Act. No. 12-7021, 2013 WL 6326379, at *3 (D.N.J. Dec. 4, 2013)  (citations omitted) (adopting the report and recommendation of the Magistrate Judge).

During the August 12 Conference, it became apparent that Plaintiff had not diligently provided initial disclosures or responded to discovery requests concerning its claim.  Accordingly, the Court imposed specific deadlines to facilitate the timely completion of discovery, as memorialized in the August 26 Order.  In spite of these deadlines, Plaintiff failed to provide Defendant with any additional responses whatsoever.  Upon receipt of the September 19 Letter, the Court gave Plaintiff the opportunity to respond to that letter but Plaintiff failed to do so.  Further, even after the Court issued the Order to Show Cause, Plaintiff was given a chance to submit a position statement explaining its failure to comply with the Court Orders but failed to take advantage of the opportunity.  Taken as a whole, this conduct is indicative of a pervasive pattern of delay.  As such, the third factor supports the dismissal of its claims with prejudice.

Although there is no evidence that Plaintiff has litigated this matter in bad faith, the Court does find that Plaintiff's conduct has been willful.  As detailed above, Plaintiff has disregarded Orders and deadlines of which it was undoubtedly aware.  The systematic neglect by Plaintiff supports a finding of willfulness.  The undersigned therefore finds that the fourth *Poulis* factor supports the dismissal of this matter with prejudice.

The record of Plaintiff's unresponsiveness suggests that alternative sanctions would be futile.  Indeed, despite being faced with an Order to Show Cause that explicitly threatened the dismissal of its case, Plaintiff chose not to submit a position statement in response.  On the facts presented here, the Court finds that no lesser sanction would be effective.  *See Jackson Hewitt Inc. v. Larson & Savage, Inc.*, 2014 WL 4384535, at *3 (D.N.J. Sept. 2, 2014)  (non-participation sufficient indicative that alternative sanctions would not be effective).

In light of the stage of proceedings, the Court is unable to determine the meritoriousness of Plaintiff's claims.  Accordingly, the Court finds this factor to be neutral.

Under these circumstances, the undersigned concludes that dismissal of Plaintiff's claims with prejudice is warranted.  Plaintiff voluntarily filed this case.  After doing so, it essentially failed to take any steps towards advancing this matter to trial.  Plaintiff disobeyed this Court's Orders, including the May 13 Order, the August 26 Order, the September 22 text Order, and the Order to Show Cause, which warned of the possible dismissal of its action.  Plaintiff's actions in this regard demonstrate a pattern of non-compliance with their obligations under the Federal Rules of Civil Procedure and this Court's Orders, as well as an utter disregard for the burdens imposed upon Defendant and the Court.  As a result, the undersigned respectfully recommends that this matter be dismissed with prejudice.

III.     CONCLUSION

The Court having considered this matter pursuant to L.Civ.R. 78.1(b) and having given consideration to the *Poulis* factors;

IT IS on this 6th day of February, 2015,

RECOMMENDED that Plaintiff's Complaint be DISMISSED WITH PREJUDICE; and it is further

ORDERED that Plaintiff's Counsel shall serve a copy of this Order on Plaintiff within 3 days of entry of this Order.

Pursuant to Local Civil Rule 72.1(c)(2), the parties have fourteen days from the date of this Report and Recommendation to file and serve objections to the proposed findings and recommendations.

**LOIS H. GOODMAN**
**United States Magistrate Judge**