UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| OCEANVIEW MARINA TOWNHOMES C/O JOHN WOODS, <br><br> Plaintiffs, <br><br> v. <br><br> LEXINGTON INSURANCE COMPANY, <br><br> Defendant. | Civil Action No.:  14-cv-1368 (PGS) <br><br> ORDER |

    A Report and Recommendation was filed on February 6, 2015 by Magistrate Judge Lois H. Goodman recommending that this Court dismiss Plaintiffs case due to Plaintiff's attorney, Audwin Levasseur's failure to comply with discover requests and other Orders enforcing such discovery. Within the Report and Recommendation, the parties were noticed that any objection must be filed within fourteen days. See Local Civil Rule 72.1(c)(2). The time in which to object expired on February 20, 2015. Like his prior practice before this Court, Mr. Levasseur did not file a timely opposition; and rather than seeking the Court's consent to file his opposition late, Mr. Levasseur merely filed an objection on March 16, 2015, as if it were timely filed[1].

    The Court is not persuaded by Plaintiff's opposition for several reasons. First, it was filed about one month out of time; and second, Mr. Lavasseur failed to follow the usual practice and request that the Court allow his late opposition. Moreover, and most importantly, Mr. Lavasseur does not dispute Judge Goodman's finding. Instead, he tenders the excuse that his inaction was due to "exorbitant time and delay in prosecuting one of 250 cases" and "the irregular litigation conduct of Plaintiff's out-of-state counsel as opposed to Plaintiff itself." Neither excuse overcomes Mr. Levasseur's continued lack of compliance with Court orders.

---

[1]    On March 13, 2015, Chief Judge Simandle stayed all Hurricane Sandy cases that involve flood damage; but the stay does not affect this case because the damages suffered by Plaintiff were caused by wind.

It is, on this 23rd day of April, 2015;

**ORDERED** that the Report and Recommendation of Magistrate Judge Lois H. Goodman at docket entry 14 is hereby adopted as the opinion of the Court; and it is further

**ORDERED** that Plaintiff's Complaint s dismissed with prejudice.

_____
PETER G. SHERIDAN, U.S.D.J.